UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

            08 CV 4256 (RJS)
            ECF CASE

            **AFFIDAVIT OF COUNSEL**
            **IN SUPPORT OF ORDER**
            **TO SHOW CAUSE**

                 Plaintiffs,

      -against-

FLANAGAN GENERAL CONTRACTING, INC.,

                 Defendant.
-----------------------------------------------------------------------------X
STATE OF NEW YORK    )
                ) ss:
COUNTY OF NEW YORK  )

      ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

      1.     I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

      2.     I submit this affidavit in support of plaintiffs' application for an order directing

Flanagan General Contracting, Inc. ("Defendant") to show cause why a default judgment should

not be entered in favor of plaintiffs, confirming an arbitration award against the Defendant, dated February 25, 2008.

3.    Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.    Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.    Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.    Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7.    Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated February 25, 2008 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8.    The arbitrator found that Flanagan General Contracting, Inc. had failed to comply

with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the

Plaintiffs with any and all books and records, for the period of December 14, 2005 through

February 25, 2008 including but not limited to, the cash disbursement section of the cash book,

general ledger, job location records, daily time records and all certified payrolls.

9.     The arbitrator also found that Flanagan General Contracting, Inc. was required to

pay the funds a total sum of $2,350.00 pursuant to the Agreement, representing costs incurred in

the arbitration.

10.     The defendant has failed to abide by the award.

11.     The award has not been vacated or modified and no application for such relief is

currently pending or has been made.

12.     Plaintiffs commenced this action on May 5, 2008 by filing a summons and

complaint. (A copy is annexed hereto as Exhibit "B"). Plaintiffs subsequently served the

summons and complaint together with the Judge's rules upon Defendant by delivering two (2)

true copies of the same to the Secretary of the State of New York on May 8, 2008, pursuant to

Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with

the Court on May 15, 2008. (A copy is annexed hereto as Exhibit "C").

13.     This action is timely as it was filed within one year statute of limitations

applicable to a petition to confirm an arbitrator's award.

14.     Defendant has failed to answer or appear or move with respect to the complaint

and the time to do so has expired. (A copy of the Clerk's Certificate is annexed hereto as Exhibit

"D").

15.     Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as

follows:

a. confirming the arbitrator's award;

b. ordering Flanagan General Contracting, Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period December 14, 2005 through February 25, 2008;

c. awarding judgment for the plaintiffs and against Defendant in the principal amount of $2,350.00;

d. attorneys' fees and costs arising out of this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a proposed Default Judgment is annexed hereto as Exhibit "F");

e. such other and further relief as this Court may deem just and proper.

_____

ANDREW GRABOIS (AG 3192)

Sworn to before me this
9th day of June, 2008

_____
NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

OFFICE OF THE IMPARTIAL ARBITRATOR

**ORIGINAL**

-------------------------------------------X

In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
              And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

                (Petitioners)

    -and-

FLANAGAN GENERAL CONTRACTING INC.
              (Employer)

-------------------------------------------X

BEFORE:  Robert Herzog, Esq.

**DEFAULT**

**AWARD**

Flanagan General Contracting Inc. (hereinafter referred to as

the "Employer") and the District Council of New York City and

Vicinity of the United Brotherhood of Carpenters and Joiners of

America, are parties to a Collective Bargaining Agreement, dated

July 01, 2001.  Article XIX of the Collective Bargaining Agreement

provides that the Collective Bargaining Agreement "shall continue

until June 30, 2006 and shall be renewed automatically for one year intervals thereafter unless notice to the other ... no more than ninety (90) days nor less than sixty (60) days before the contract expiration that such party seeks to negotiate a new contract or modify or amend this Agreement through negotiations." The Collective Bargaining Agreement also provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the agreement and renewals, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreement and renewals, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a January 4, 2008 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of December 14, 2005 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated January 18, 2008 advised the Employer and the Petitioners that the arbitration hearing was scheduled for February 19, 2008.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as

undeliverable, but was returned marked "unclaimed."   United States
Postal Service records indicate that notice of certified mail was
left with the Employer on January 25, 2008 at 1:24 pm.   The Employer
failed to heed the notice and the postal service declared the
envelope to be unclaimed and so marked the envelope on February 12,
2008.   The Employer is deemed to have received the Notice of Hearing
based on the delivery of the regular mail copy and the Employer's
voluntary act of not claiming the certified mail copy.

On February 19, 2008, at the place and time designated by the
aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf
of the Petitioners.   No appearance on behalf of the Employer was
made.   Also, no written, mutually agreed upon waiver by the parties
to adjourn the proceeding, as required by the Collective Bargaining
Agreement and renewals, was presented.   The arbitration proceeded as
a Default Hearing.   Full opportunity was afforded the parties
present to be heard, to offer evidence, and to examine witnesses.
The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the December 14, 2005 to date period, the Employer was
  bound to a Collective Bargaining Agreement and subsequent renewals
  with the District Council of New York City and Vicinity of the
  United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreement and renewals obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set. forth in the Agreement and renewals.

- The Collective Bargaining Agreement and renewals authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

<u>AWARD</u>

Based upon the substantial and credible evidence of the case as a whole:

1. Flanagan General Contracting Inc. is in violation of the terms of the Collective Bargaining Agreement and renewals;

2. Flanagan General Contracting Inc. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of December 14, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

4

3. Flanagan General Contracting Inc. shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Court Costs | $ 350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. Flanagan General Contracting Inc. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: February 25, 2008

State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: February 25, 2008

To:  Flanagan General Contracting Inc.
     Attn: Mr. Gary Flanagan, President
     66-03 Jay Avenue
     Maspeth, New York 11378

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,                    08 CV_____
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL
O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE, as
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,



                                        Plaintiffs,


            -against-


FLANAGAN GENERAL CONTRACTING, INC.,

                                        Defendant.
-------------------------------------------------------------------------X

TO:

        Flanagan General Contracting, Inc.
        66-03 Jay Avenue
        Maspeth, NY 11378

    **YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

        O'DWYER & BERNSTIEN, LLP
        52 Duane Street
        New York, New York 10007
        (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON

CLERK                                           DATE   MAY 0 5 2008

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND, and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV_____

**COMPLAINT**

Plaintiffs,

-against-

FLANAGAN GENERAL CONTRACTING, INC.,

Defendant.
-------------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

**NATURE OF THE CASE**

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Flanagan General Contracting, Inc. ("Employer").

## JURISDICTION

2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 66-03 Jay

Avenue, Maspeth, NY 11378.

    8.     The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

**FIRST CLAIM FOR RELIEF**

    9.     Defendant was bound at all relevant times by a collective bargaining agreement

with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides,

inter alia, that the defendant shall furnish its books and payroll records when requested by the

Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit

fund contributions and for the submission of disputes to final, binding arbitration.

    10.    A dispute arose during the period of the Agreement between the parties when the

Employer failed to comply with the Benefit Funds' demands to furnish its books and records for

the purpose of conducting an audit.

    11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to

arbitration to Roger Maher, the duly designated impartial arbitrator.

    12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and

rendered his award, in writing, dated February 25, 2008 determining said dispute. Upon

information and belief, a copy of the award was delivered to the defendant (A copy of the award

is annexed hereto as Exhibit "A" and made part hereof).

    13.    The arbitrator found that defendant had failed to comply with the Agreement as it

relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all

books and records, for the period of December 14, 2005 through February 25, 2008 including but

not limited to, the cash disbursement section of the cash book, general ledger, job location

records, daily time records and all certified payrolls.

14.    The arbitrator also found that defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.    The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration award in all respects;

2.    For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period December 14, 2005 through February 25, 2008.

3.    For entry of judgment in favor of the Benefit Funds and against Flanagan General Contracting, Inc. ordering defendant to pay the Benefit Funds a total sum of $2,350.00 with interest to accrue at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4.    For attorneys' fees and costs of this action;

5.    For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        May 5, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 CIV 4256                                          Purchased/Filed: May 5, 2008

STATE OF NEW YORK      UNITED STATES DISTRICT COURT              SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et al*                    Plaintiff

against

*Flanagan General Contracting, Inc.*                                                      Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY            SS.:

___Jessica  Miller___ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on ___May 8, 2008___ , at ___2:00pm___ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibits and Judges Rules

on

___Flanagan General Contracting, Inc.___ , the

Defendant in this action, by delivering to and leaving with ___Chad Matice___ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, ___2___ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of ___40___ dollars; That said service

was made pursuant to Section ___306 Business Corporation Law___ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: ___28___  Approx. Wt: ___200___  Approx. Ht: ___6'0"___

Color of skin: ___White___   Hair color: ___Brown___  Sex: ___M___  Other: _____

Sworn to before me on this

___12th___ day of ___May, 2008___

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica  Miller

Invoice•Work Order # SP0804523

*SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA FUND and THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL
O'BRIEN, as TRUSTEES and MICHAEL J. FORDE, as
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

08 CV 4256 (RJS)
ECF CASE

**CLERKS**
**CERTIFICATE**

                    Plaintiffs,

        -against-

FLANAGAN GENERAL CONTRACTING, INC.,

                    Defendant.
-------------------------------------------------------------------X

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on May 5, 2008 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, Flanagan General

Contracting, Inc. on May 8, 2008, by delivering two (2) true copies thereof to Chad Matice, an authorized clerk

in the Office of the Secretary of State of the State of New York, and proof of service being filed on May 15,

2008.

      I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein.  The default of the defendant is hereby noted.

Dated:  _June 4, 2008_
      New York, New York

                               **J. MICHAEL MCMAHON**
                                Clerk of the Court

                    By: _____
                                Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, as EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

08 CV 4256 (RJS)
ECF CASE

**AFFIDAVIT OF
SERVICES**

                              Plaintiffs,


                    -against-


FLANAGAN GENERAL CONTRACTING, INC.,

                              Defendant.
----------------------------------------------------------------------X
STATE OF NEW YORK        )
                         :SS.:
COUNTY OF NEW YORK       )


    ANDREW GRABOIS, being duly sworn, deposes and says:

    1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

    2. On May 5, 2008, Ian Henderson, a paralegal in this office, drafted and revised a complaint,

cover sheet and other required documents and prepared them for filing with the Clerk of the Court.  He

spent 1.0 hours on this matter at a billing rate of $200.00 per hour for a total of $200.00 in attorneys'
fees.

3. On May 5, 2008, your deponent reviewed and finalized the aforementioned documents.  I
spent 0.5 hours at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

4. On May 5, 2008, Mr. Henderson prepared and filed the aforementioned documents with the
Clerk of the Court and on the Electronic Case Filing system. He spent 1.0 hours at a billing rate of
$200.00 per hour for a total of $200.00 in attorneys' fees.

5. On May 6, 2008, Mr. Henderson prepared and mailed the aforementioned documents for
service of process.  He spent 0.5 hours on this matter at a billing rate of $200.00 per hour for a total of
$100.00 in attorneys' fees.

6. On May 15, 2008, Rich Gage, a paralegal in this office prepared and filed the affidavit of
service with the Court and on the ECF system.  He spent 0.5 hours on this matter at a billing rate of
$125.00 per hour for a total of $62.50 in attorneys' fees.

7. On June 4, 2008 and June 9, 2008, Mr. Gage drafted the required default documents,
including a proposed default judgment and order and affidavit of services rendered.  He spent a total of
4.0 hours on this matter at a billing rate of $125.00 per hour for a total of $500.00 in attorneys' fees.

8. On June 9, 2008, your deponent reviewed and finalized the aforementioned default
documents. I spent 0.5 hours on this matter at a billing rate of $350.00 per hour for a total of $175.00
in attorneys' fees.

9. The cost of the process server to effectuate service of process was $60.00.

2

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of

$1,412.50 and costs arising out of this action in the amount of $60.00 for a total of $1472.50.

ANDREW GRABOIS (AG 3192)

Sworn to before me this
9th day of June, 2008

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

NOTARY PUBLIC

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA FUND and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV 4256 (RJS)
ECF CASE

**DEFAULT JUDGMENT**

Plaintiffs,

-against-

FLANAGAN GENERAL CONTRACTING, INC.,

Defendant.
-------------------------------------------------------------------X

This action having been commenced on May 5, 2008 by the filing of a Summons and Complaint, and a copy of the Summons and Complaint having been served on the defendant Flanagan General Contracting, Inc. on May 8, 2008 by delivering two (2) true copies of the same to the Secretary of the State of New York, pursuant to Section 306(b) of New York Business Corporation Law, and a proof of service having been filed on May 15, 2008 and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, and the Clerk of the Court having issued its certificate of default on June 4, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendant, pursuant to the arbitration award, in the liquidated amount of $2,350.00, representing costs

and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this action

in the amount of $1,472.50 for a total of $3,822.50 and that Flanagan General Contracting, Inc. and its

officers are ordered to produce any and all books and records relating to Flanagan General Contracting,

Inc. for the period of December 14, 2005 through February 25, 2008.


Dated: _____
       New York, New York

                                            _____
                                            Honorable Richard J. Sullivan
                                            United States District Judge

                                            This document was entered on the docket
                                            on _____.

STATE OF NEW YORK      )
                                        :SS.:
COUNTY OF NEW YORK   )


RICH GAGE, being duly sworn, deposes and says: I am not a party to the action, am over 18 years

of age and reside in Brooklyn, New York. On the 10th day of June, 2008, I served Plaintiffs' **ORDER TO**

**SHOW CAUSE** and **SUPPORTING DOCUMENTATION** to the following party by depositing a true

copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the

United States Postal Service within New York State, addressed to the following person at the last known

address set forth after the name below:


TO:    Flanagan General Contracting, Inc.
          66-03 Jay Avenue
          Maspeth, NY 11378


RICH GAGE


Sworn to before me this
10th day of June, 2008


NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011