UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, *et al.*,

                          Plaintiffs,

   -v-

FLANAGAN GENERAL CONTRACTING,
INC.,

                          Defendant.

No. 08 Civ. 4256 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

     On May 5, 2008, plaintiffs filed this action to confirm and enforce an arbitration award issued by the arbitrator, Robert Herzog, Esq., on February 25, 2008. Service of the summons and complaint was made on defendant on May 8, 2008. Defendant did not answer the complaint or otherwise move with respect to the complaint. Having examined the record, and for the reasons set forth below, the Court grants plaintiff's motion to confirm the arbitration award.

I. BACKGROUND

     This dispute stems from a collective bargaining agreement dated July 1, 2001 (the "Agreement") between the defendant Flanagan General Contracting, Inc., and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America. (*See* Order to Show Cause for Default Judgment Ex. A (Default Award of Robert Herzog) at 1.) The Agreement requires, *inter alia*, that defendant pay contributions toward employee benefit funds (the "Funds"), that trustees of the Funds be permitted to conduct audits of the books and records of defendant to ensure that the contributions are being paid, and that all disputes be submitted to an arbitrator. (*See id.* at 2.) On January 4, 2008, plaintiffs, as beneficiaries of the Agreement, demanded arbitration, alleging that defendant failed to permit plaintiffs to conduct an audit of its

books and records. (*See id.*) An arbitration hearing was scheduled for February 19, 2008, and a Notice of Hearing was sent to defendant by regular and certified mail. (*See id.*)

Defendant did not appear at the February 19, 2008 hearing. (*See id.* at 3.) The arbitration proceeded as a default hearing, and plaintiffs presented evidence establishing that defendant was bound by the Agreement to allow plaintiffs to conduct an audit of defendant's books and records, but that defendant did not consent to an audit. (*See id.* at 4.) On February 25, 2008, the arbitrator, Mr. Herzog, found defendant to be in violation of the Agreement, ordered defendant to permit the audit, and ordered defendant to pay plaintiffs costs and attorneys' fees totaling $2,350.00 plus 10% interest from the date of the award. (*See id.* at 4-5.)

According to plaintiffs, defendant has failed to abide by the award issued by Mr. Herzog on February 25, 2008. (*See* Compl. ¶15.) Seeking judicial enforcement of the award, plaintiffs commenced this action to confirm the arbitration award on May 5, 2008. Defendant was served with the complaint on May 8, 2008. Defendant did not answer the complaint or otherwise move with respect to the complaint. On June 9, 2008, plaintiffs moved for a default judgment.

## II. DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Rather, the court should treat the petition "as akin to a motion for summary judgment based on the movant's submissions," and grant the motion if, after examining the moving party's submission, the court determines that the moving party "has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10 (citation omitted); *see also Trustees of the UNITE HERE National Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (2008). "If the non-movant does not respond, its failure to contest issues not resolved by the record will weigh against it." *D.H. Blair*, 462 F.3d at 109; *see also JY Apparels*, 535 F. Supp. 2d at 428-29. Summary judgment may not be granted unless "the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of demonstrating the absence of an issue of material fact lies with the moving party. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). The court must view all facts in the light most favorable to the non-moving party. *Id.*

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). "The Court must enter judgment for the party seeking to confirm the award unless the opposing party shows that the award was based on a manifest disregard for the law." *JY Apparel*, 535 F. Supp. 2d at 429 (citing *Wilko v. Swan*, 346 U.S. 427, 436-37 (1953)).

The Court has reviewed the record and finds that plaintiffs have sufficiently supported its motion by showing a "colorable justification" for the outcome reached by the arbitrator. Defendant has submitted no opposition papers nor otherwise raised any questions of fact precluding an award of summary judgment. Accordingly, the motion to confirm the arbitration award is granted.

Plaintiffs also seek attorneys' fees and costs for this proceeding, and have submitted an affidavit demonstrating that the attorneys' fees and costs incurred in seeking confirmation of the arbitration award total $1,472.50. (*See* GraBois Aff. ¶¶ 1-9.) Plaintiffs do not point to any statutory or contractual authority for the award of such fees. However, this action was brought pursuant to, *inter alia*, section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a

multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Section 1132(g)(2)(D) of ERISA provides that "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorneys' fees and costs of the action, to be paid by the defendant . . . ." *See JY Apparels*, 535 F. Supp. 2d at 429. Additionally, a court may award attorneys' fees and costs pursuant to its inherent equitable powers "'when a challenger refuses to abide by an arbitrator's decision without justification.'" *Celsus Shipholding Corp. v. Manunggal*, No. 06 Civ. 13598 (DLC), 2008 WL 474148, at *2 (S.D.N.Y. Feb. 21, 2008) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

Here, defendant failed to appear in this action, and has offered no justification for its failure to abide by the arbitrator's decision and pay the award. The Court has reviewed the GraBois affidavit and finds the assessment of attorneys' fees and costs to be reasonable. Accordingly, plaintiffs' request for attorneys' fees and costs is granted in the amount of $1,472.50.

### III. CONCLUSION

For the foregoing reasons, the motion to confirm the arbitration award in the amount of $2,350.00 plus interest is granted. In addition, plaintiff is awarded attorneys' fees and costs in the

amount of 1,472.50. The Clerk of the Court is respectfully directed to enter judgment for the plaintiff and close this case.

SO ORDERED.

DATED:   July **21**, 2008
         New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE